Frank S. Palumbo v. Commissioner. Anna F. Palumbo, Transferee v. Commissioner.
Frank S. Palumbo v. Comm'r
Docket Nos. 32553, 32554.
United States Tax Court
1953 Tax Ct. Memo LEXIS 181; 12 T.C.M. (CCH) 797; T.C.M. (RIA) 53243; July 6, 1953
*181 Stephen P. Cadden, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: The above entitled proceedings were called for hearing on the merits from the Philadelphia, Pennsylvania, calendar on March 16, 1953. Neither of the petitioners appeared in person or by counsel. The Court announced from the bench that a decision would be entered against petitioner, Frank S. Palumbo, in Docket No. 32553 for the amount of the deficiencies determined against him as shown in the notice of deficiency dated November 15, 1950, which are as follows: Year
Kind
Amount
1943
Income and Victory Tax
$16,307.83
1944
Income Tax
28,956.12
1945
Income Tax
38,992.30
Total
$84,256.25
Evidence was adduced by respondent to sustain his burden of proof as to the following fraud penalties which had been determined against petitioner Frank S. Palumbo: Year
50% Penalty
1943
$ 8,153.92
1944
14,478.06
1945
19,496.15
Total
$42,128.13
Frank S. Palumbo filed returns for 1943, 1944 and 1945 in the amounts shown below. Respondent determined that his correct net taxable income was as shown below and that the petitioner, with intent to evade *182 tax, omitted reporting additional net taxable income as set forth below: Year
Return
Determined
Omitted
1943
$11,017.63
$ 38,945.03
$ 27,927.40
1944
(4,726.28) *
52,277.08
57,003.36
1945
7,596.58
67,034.48
59,437.90
$13,887.93
$158,256.59
$144,368.66
Frank S. Palumbo was indicted in the Frank S. Palumbo was indicted in the United States District Court for the Eastern District of Pennsylvania,, Philadelphia. March Term 1943, No. 10963, for violation of the Emergency Price Control Act of 1942. He pleaded nolo contendere, was convicted, fined $1,000 and sentenced to imprisonment for 30 days. Commitment was suspended and he was placed on probation for one year. Frank S. Palumbo was indicted in the United States District Court for the Eastern District of Pennsylvania, Philadelphia, December Term 1947, Case No. 14552, for wilful evasion of income tax for the taxable years 1943 and 1944. Upon pleading nolo contendere, after having first pleaded not guilty, he was found guilty, fined $1,000 and sentenced to imprisonment for 30 days. Frank S. Palumbo was engaged in the meat business for 17 years and during the years here in question *183 was a member of a partnership known as Palumbo Brothers, Front and Dickinson Streets, Philadelphia. The business of the partnership was that of slaughtering and the wholesale selling of meat. The original partners in Palumbo Brothers were Frank S. Palumbo and Dominic J. Palumbo, his brother. The partnership was formed in November 1939 by written agreement. On January 2, 1940, Palumbo Brothers admitted Saverio Bonaccurso as a partner. At this time the capital investment of the partners was: Frank S. Palumbo
$1,500
Dominic J. Palumbo
1,500
Saverio Bonaccurso
5,000
The partners' share in the profits and losses was on the basis of one-third each. The partners purchased land at the corner of Front and Dickinson Streets, Philadelphia, and erected thereon a modern and reasonably well-equipped slaughter house. Frank S. Palumbo and Dominic J. Palumbo devoted their entire time to the operation of the partnership business. Bonaccurso had another meat business to which he devoted most of his time. He withdrew from the partnership of Palumbo Brothers in March 1944. Bonaccurso left the partnership because he felt he was not getting what he considered his fair share *184 of money received from black market operations. Palumbo Brothers maintained a double entry system of bookkeeping, employed a full-time bookkeeper, had a public accountant employed who made a monthly check of the books and prepared the partnership returns of income as well as the individual income tax returns filed by Frank S. Palumbo and Dominic J. Palumbo. Frank S. Palumbo kept no personal books. Frank S. Palumbo was born December 12, 1906, in Philadelphia, was married, and his wife's maiden name was Anna Foglia. He had attended public school and completed the eighth grade. He went into the meat business, principally buying cattle, and never had any other employment. He owned his home located at 2202 South Lambert Street, Philadelphia. During the taxable years in question the partnership followed a consistent practice of demanding and receiving over-ceiling or side money in connection with the sale of meats, which money was not shown on the books of the partnership except for the period November 1942 to June 3, 1943. The receipt of over-the-ceiling money was not reported by the partners for income tax purposes except for a small amount reported by Frank S. Palumbo for 1942. *185 Palumbo Brothers changed its method of operating the business several times during the taxable years. Prior to the enactment of the Emergency Price Control Act of 1942, the business was conducted properly. Immediately after the imposition of ceiling prices on meats the partnership began to sell its products in complete disregard of the established ceiling prices, the meats being sold and billed to customers on invoices without regard to ceiling prices. All the money collected for the period from November 1942 until June 3, 1943, was reflected on the partnership books and reported for the year 1942. Upon Palumbo Brothers being indicted on criminal charges of violating the Emergency Price Control Act of 1942, the partnership discontinued the practice of actually billing customers for over-ceiling charges on meat purchased from it. During the period from June 4, 1943, to July 10, 1944, Palumbo Brothers billed customers for meat at ceiling prices and side money was required to be paid by customers to Palumbo Brothers in order to obtain meat. The receipt of the side money was not recorded on the books of account of the partnership from June 4, 1943, through 1945, nor reported by any *186 of the partners for income tax purposes. The additional income received by Palumbo Brothers from the receipt of side money was divided periodically on an equal basis between the partners. Due to the efficient administration of the price control law by the Office of Price Administration, the partners in Palumbo Brothers decided to form what was known as the Dickinson Street Retail Meat Cooperative which was composed of all of the partnership's regular customers and which had officers in name only of some of the partnership's regular customers. Actually the named officers had nothing to do with the management of the business. Such officers, like other customers, were required to "invest" in the cooperative and were given stock certificates. The amount of money which the customers of the partnership "invested" in stock in the cooperative determined the amount of meat which they could buy. The customers were billed at ceiling prices and the additional money required of them from time to time was allegedly "invested" in the cooperative in the form of stock. In the Philadelphia area there were eight others of those so-called cooperatives. The Office of Price Administration caused *187 a suit to be instituted in the United States District Court for the Eastern District of Pennsylvania at Philadelphia against one of those cooperatives. The District Court held that the set-up was merely a scheme to attempt to evade the provisions of the Emergency Price Control Act of 1942 and enjoined the cooperatives from operating. Subsequent to the above order of the United States District Court, Palumbo Brothers' Dickinson Street Retail Meat Cooperative, in a separate proceeding, was fined $11,000, and Frank S. Palumbo and Dominic J. Palumbo were fined $3,500 each. Following the injunction order by the United States District Court, Palumbo Brothers gradually resumed its former method of doing business and continued from that time until the end of 1945 to bill meat to customers at ceiling prices. In addition, Palumbo Brothers charged and collected side money which was not shown on the partnership books of account nor reported in the income tax returns of the partners. During the course of the investigation of the returns of Frank S. Palumbo for the years here involved, Frank S. Palumbo admitted the black market operations in which he had participated and gave agents of the *188 Bureau of Internal Revenue sworn statements relative to his activities, admitting his returns showed only part of his income for the taxable years 1943, 1944 and 1945; that he had received additional unreported income by means of the side money and that the reason why he did not report the receipt of the side money on his income tax returns for 1943, 1944 and 1945 was that his brother, Dominic J. Palumbo, told him "* * * not to, on account of O.P.A. reasons, it would involve us in trouble." Additional payments in the form of checks, other than checks representing the payment for billed merchandise, were received by Palumbo Brothers. These checks represented over-ceiling payments for the billed merchandise and were not reflected on the partnership books of Palumbo Brothers and were not reported for income tax purposes. Bureau of Internal Revenue Agents contacted practically every one of the customers of the partnership and secured statements from them relative to their black market transactions with Palumbo Brothers and their cooperative, including information as to payments made by them of side money. In some instances invoices, statements figuring side money, and cancelled checks *189 were still available. Petitioner, Frank S. Palumbo, knowingly filed false returns for the calendar years 1943, 1944 and 1945 in which he failed to report income as hereinabove indicated, and the deficiencies determined against him by respondent for such years are due to fraud with intent to evade taxes. The Court announced from the bench that in the decision for deficiencies against Frank S. Palumbo, petitioner in Docket No. 32553, there would be included an addition to tax in the form of fraud penalties for the years and in the amounts determined by the respondent as hereinabove set forth. The taxes and penalties due from petitioner, Frank S. Palumbo, as shown in the notice of deficiency, and interest, have not been paid. Petitioner, Frank S. Palumbo, was not solvent during the taxable years and subsequent years as disclosed by the investigation of the Bureau of Internal Revenue Agents and by an estimated net worth statement which Frank S. Palumbo gave the agents. While insolvent and owing the aforesaid taxes and penalties, plus interest, Frank S. Palumbo, petitioner in Docket No. 32553, transferred to his wife, Anna Foglia Palumbo, Transferee, petitioner in Docket No. *190 32554, without consideration, the following property: Value at Time
Description of Property Transferred
of Transfer
Money in Liberty Title and Trust Company, Philadelphia, Pennsylvania, in
maiden name of wife, Anna Foglia - Savings Account No. XXXX-F - Closed
8/13/47
$ 4,502.32
Real property and improvements, Front and Dickinson Streets, Philadelphia,
Pennsylvania, by deed dated 4/25/44 and recorded 9/10/45. Property sub-
sequently sold and proceeds deposited in Little River Bank and Trust
Company, Miami, Florida, on April 1, 1949
16,236.20
Real property and improvements, a motel, Arch Creek Highlands, Miami,
Florida, by deed dated 8/25/47
30,000.00
Money in Little River Bank and TrustCompany, Miami, Florida
1,600.31
Total
$52,338.83
Anna F. Palumbo, petitioner in Docket No. 32554, is liable in law and equity as transferee of assets and properties of Frank S. Palumbo, petitioner in Docket No. 32553, in the amount of $52,338.83. Decisions will be entered for the respondent. Footnotes
*. Loss↩